Preston v. SOT















NUMBERS 13-03-00616-CR
                                                        13-03-00617-CR
                                                        13-03-00618-CR
                                                        13-03-00619-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

BETTY PRESTON,                                                                       Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the County Criminal Court at Law
Number Eleven of Harris County, Texas.
                                                                                                                       

O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Opinion by Justice Hinojosa

          These are appeals from a municipal court of record. See Tex. Gov’t Code Ann. ch.
30, subch. A (Vernon 2004). The Municipal Court Number Two of the City of Houston
found appellant, Betty Preston, guilty of the following offenses: (1) failure to display a valid
Texas driver’s license;


 (2) use of an expired license number plate;


 (3) failure to establish
financial responsibility;


 and (4) use of an invalid inspection sticker.


 The municipal court
assessed the following punishment: (1) a $100 fine for the failure to display a valid driver’s
license; (2) a $50 fine for the use of an expired license number plate; (3) a $175 fine for
the failure to establish financial responsibility; (3) and a $50 fine for the use of an invalid
inspection sticker. Preston appealed to the county criminal court at law of Harris County. 
Sitting as an appellate court, County Criminal Court at Law Number Eleven of Harris
County affirmed Preston’s convictions. She now appeals from the judgments of the county
criminal court at law.



          Unless the sole issue is the constitutionality of the statute or ordinance on which the
conviction is based, we only have jurisdiction over such an appeal from a county criminal
court at law if (1) the fine assessed against appellant exceeds $100 and (2) if the judgment
is affirmed by the appellate court. Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon Supp.
2004); Tex. Gov’t Code Ann. § 30.00027(a) (Vernon 2004).
A. Cause Numbers 13-03-00616-CR, 13-03-00617-CR, and 13-03-00619-CR
          In cause numbers 13-03-00616-CR, 13-03-00617-CR, and 13-03-00619-CR, the
fines assessed do not exceed $100 and the county criminal court at law affirmed the three
judgments of the municipal court. Thus, we have jurisdiction over these three cases only
if the issue before us is the constitutionality of the statute or ordinance on which the
conviction is based.
          Because Preston did not challenge the constitutionality of the statutes or ordinances
on which these convictions are based in the brief she filed in the county criminal court at
law, we conclude we have no jurisdiction over the appeals in these three cases. 
Accordingly, we dismiss the appeals in cause numbers 13-03-00616-CR, 13-03-00617-CR,
and 13-03-00619-CR for want of jurisdiction.
B. Cause Number 13-03-00618-CR
          In cause number 13-03-00618-CR, the fine assessed by the municipal court
exceeds $100 and the county criminal court at law affirmed the judgment. Thus, we have
jurisdiction to review appellant’s conviction for failure to establish financial responsibility.
          The record reflects that the county criminal court at law affirmed the municipal court
conviction in this case because appellant failed to provide either an agreed statement of
facts, an agreed statement of the case, or a reporter’s record. We review only those
issues appellant raised before the reviewing county criminal court at law. See Tex. Gov’t
Code Ann. § 30.00027 (Vernon 2004) (the record and briefs on appeal in the county court
at law constitute the record and briefs on appeal to the court of appeals).
          The record shows that appellant failed to bring forward a statement of facts.


 
Without a statement of facts, a reviewing court cannot determine whether a trial court
erred. The record on appeal from a municipal court conviction must conform substantially
to the provisions governing appellate records under the appellate rules and the Code of
Criminal Procedure. Tex. Gov’t Code Ann. § 30.00016 (Vernon 2004). In a municipal
court of record, a court reporter is not required to record testimony in a case unless the
judge or one of the parties requests a record. Tex. Gov’t Code Ann. § 30.00010(c)
(Vernon 2004). We do not know whether appellant requested that the proceedings be
recorded or whether appellant requested a statement of facts for appeal, although the
record before us suggests that no statement of facts exists. Further, appellant has failed
to file an agreed statement of facts or statement of the case. See Tex. R. App. P. 34.2,
34.3. 
          Because appellant has failed to file a complete record, and the record before us
does not demonstrate error requiring review in the interest of justice, we affirm the
judgment of the county criminal court at law in cause number 13-03-00618-CR.


                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Publish. See Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
12th day of August, 2004.